FILED
JUL 18 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY               DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RYAN WEDDING,<br><br>　　　　　　Defendant. | Criminal Case No. 08-MJ-1856<br><br>**DETENTION ORDER**<br>(after Hearing) |

　　　　In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held to determine whether defendant RYAN WEDDING ("Defendant") should be held in custody pending trial, on the ground that Defendant is a flight risk. Assistant U.S. Attorney Orlando B. Gutierrez appeared on behalf of the United States; David Denis, Esq., appeared on behalf of Defendant.

　　　　Based on the evidence proffered by the United States and Defendant, the pretrial services report, and the criminal complaint, the Court concludes the following: the defense has not rebutted the presumption in favor of detention and that there is no condition or combination of conditions which will reasonably assure the appearance of the Defendant as required.

//
//
//
//
//
//

I.

**FINDINGS OF FACT**

A. <u>Nature and Circumstances of the Offense Charged [18 U.S.C.§ 3142(g)(1)]</u>

1. Defendant is charged in a criminal complaint with Conspiracy to Possess Cocaine with Intent to Distribute and to Distribute Cocaine, to wit: approximately twenty-four kilograms of cocaine, in violation of Title 21, U.S.C., Secs. 841(a)(1) and 846. Therefore, there exists probable cause to believe Defendant committed the charged offense.

2. Because a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of the Defendant. 18 U.S.C. § 3142(e).

3. If convicted of this charge, Defendant faces a mandatory minimum sentence of ten years imprisonment. 21 U.S.C. § 841(b)(1).

4. Under the United States Sentencing Guidelines, even if the mandatory minimum did not apply, the Base Offense Level is 34. <u>See</u> USSG § 2D1.1. Even assuming Defendant's criminal history score places Defendant in Criminal History Category I, <u>see</u> USSG § 4A1.1, the Guidelines sentencing range for Defendant is 151-188 months in prison.

5. In this case, the nature and severity of the offense favors detention.

B. <u>Weight of the Evidence Against the Defendant [18 U.S.C.§ 3142(g)(2)]</u>

6. The weight of the evidence against Defendant is strong in that Defendant was apprehended after having been recorded explaining the details of how a particular drug transaction would occur.

7. Although this factor is to be given the least weight, there is probable cause to believe the Defendant committed the charged offense, which favors detention.

//

//

2

**C. History and Characteristics of the Defendant [18 U.S.C.§ 3142(g)(3)]**

8. Defendant is a citizen of Canada.

9. Defendant resides in Canada.

10. With the exception of a sister who lives in New York, the Defendant's parents and family reside in Canada.

11. Defendant owns no real property in the United States.

12. The Court was not presented with any evidence of Defendant's employment history within the Southern District of California or the United States.

13. The Defendant has no known criminal history.

14. The Defendant has the strong support of his family.

15. Defendant was a former athlete for the Canadian Olympic team.

**D. Nature and Seriousness of Danger Posed by Release [18 U.S.C. § 3142(g)(4)]**

16. Although the Government moved for detention upon the basis of "risk of flight," the Court finds that the charge of trafficking in cocaine is an inherently dangerous offense which, by its very nature, poses a danger to the community.

## II.

## REASONS FOR DETENTION

17. There is probable cause to believe that the Defendant committed the offense charged.

18. Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint; specifically, Defendant faces a potentially substantial mandatory minimum sentence of imprisonment. Defendant therefore has a strong motive to flee.

19. The defendant resides in Canada with no substantial ties to the Southern District of California or the United States of America.

20. Defendant has not rebutted the presumption that arises from the Court's finding of probable cause to believe Defendant committed an offense for which a maximum term of

imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.) and that no condition or combination of conditions will reasonably assure the appearance of Defendant at future court proceedings.

### III.

### ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by counsel for the defense and for the United States.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 7-17-08

HON. NITA L. STORMES
United States Magistrate Judge

Prepared by:

Orlando B. Gutierrez
Assistant U.S. Attorney

4