David R. Denis SBN# 193143
Law Offices of David R. Denis P.C.
707 Wilshire Blvd., Suite 3600
Los Angeles, CA 90017
Tel. (213) 625-0033
Fax. (213) 625- 8833

Attorney for Defendant
Ryan Wedding

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>RYAN WEDDING (3)<br><br>Defendants. | CR NO. 08-2386-JM<br><br>**(**1) DISMISS THE INDICTMENT FOR RELYING ON PERJURED TESTIMONY, FAILURE TO PRESENT EXCULPATORY EVIDENCE TO THE GRAND JURY AND ORDER DISCLOSURE OF GRAND JURY TRANSCRIPTS;<br>(2) DISMISS INDICTMENT DUE TO MISINSTRUCTION OF GRAND JURY;<br>(3) GRANT LEAVE TO FILE FURTHER MOTIONS.<br><br>Honorable Jeffrey T. Miller<br><br>DATE: January 23, 2009<br>TIME:: 1:30 p.m. |

TO THIS HONORABLE COURT AND TO THE ASSISTANT UNITED STATES ATTORNEY:

Defendant, Ryan Wedding, by and through his, counsel, David R. Denis, moves for an order to Dismiss the Indictment for Relying on Perjured Testimony, Failure to Present Exculpatory Evidence to the Grand Jury, Dismiss Indictment Due to

Misinstruction of Grand Jury, Order Disclosure of Grand Jury Transcripts and Grant Leave to File Further Motions.

## I.  INTRODUCTORY

After the culmination of a long-term investigation conducted by the Federal Bureau of Investigation involving hundreds of hours of recordings of telephone calls and in-person meetings directed at "money laundering" crimes between other targets and an informant named Yuri Trofimov, defendant Ryan Wedding through a crazy sequence of events and his codefendants were arrested in San Diego on June 13, 2008 after Michael Krapchan allegedly purchased (hand-to-hand) a kilogram of cocaine from the informant, "Yuri." The defendant and other co-defendant were in a hotel near-by and were also arrested. They are charged with conspiracy to possess cocaine (over 5 kilograms) with intent to distribute, 21 U.S.C. § 841.

## II.
## THE COURT SHOULD DISMISS THE INDICTMENT SINCE THE INDICTMENT IS BASED ON PERJURED TESTIMONY

Defendants strongly believe that a cooperating defendant testified and committed perjury at the Grand Jury proceedings to obtain certain aspects of the indictment. Through investigation and discovery, it appears that there may *not* have been an Indictment reached in this case against Mr. Wedding if it were not for this perjured testimony.  It is believed that the cooperating witness, co-defendant Shirani did this to obtain some credit and value for the government.  It is also believed that the government may have known that the testimony was not truthful. United States v. Basurto, 497 F.2d 781, 785-786 (9th Cir. 1974) ("We hold that the Due Process Clause of the Fifth Amendment is violated when a defendant has to stand trial on  an indictment which the government knows is based partially on perjured testimony, when the perjured testimony is material, and when jeopardy has not attached.

Whenever the prosecutor learns of any perjury committed before the grand jury, he is under a duty to immediately inform the court and opposing counsel.."); see also <u>United States v. Bracy</u>, 566 F.2d 649, 654-55 (9th Cir. 1977) (prosecutor has an obligation immediately to inform court and opposing counsel of perjury irrespective of materiality). Pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i), the court has the authority to authorize disclosure of grand jury matters preliminarily to or in connection with judicial proceedings. Disclosure of grand jury transcripts in advance of trial is appropriate, as the government has agreed to provide discovery in this matter on an open file basis.  Clearly, Mr. Wedding would be entitled to review grand jury transcripts pertaining to any witness who testifies at trial or at a pretrial proceeding.  See FRCrP 26.2(a)&(f)(3).  He should also know if the Indictment against him is based on perjured testimony, which should then be dismissed. The government should be ordered to treat this matter as an open file case and ordered to disclose witness statements pretrial, the court should direct that grand jury transcripts be disclosed in advance of this motion and trial as well since they are material to the defense and the subject of this dismissal motion.  Knowing that grand jury transcripts will be necessary during trial and dispositive motions, the government certainly should be expected to order production of transcripts as this case nears to trial.  Under the open file discovery order, Mr. Wedding is entitled to anything in the government's file that may be introduced at trial.  All Mr. Wedding is asking for is an order clarifying that he should be provided grand jury transcripts so he can properly ascertain if it was obtained based on perjured testimony, and if so dismissed.

### III.
### THE COURT SHOULD DISMISS THE INDICTMENT FOR FAILURE TO PRESENT EXCULPATORY EVIDENCE TO THE GRAND JURY AND ORDER DISCLOSURE OF GRAND JURY TRANSCRIPTS

Section 939.71 of the California Penal Code states in pertinent part:

> Exculpatory evidence; duties of prosecutor
>
> If the prosecutor is aware of exculpatory evidence, the prosecutor *shall inform the grand jury* of its nature and existence. Once the prosecutor has informed the grand jury of exculpatory evidence pursuant to this section, the prosecutor shall inform the grand jury of its duties under Section 939.7. If a failure to comply with the provisions of this section results insubstantial prejudice, it shall be grounds for dismissal of the portion of the indictment related to that evidence.

Cal. Pen. Code § 939.71(a) (emphasis added). Pursuant to 28 U.S.C. § 530B(a), entitled ethical standards for attorneys for the government, "[a]n attorney for the Government shall be subject to State laws and rules, and local Federal Court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State." 28 U.S.C. § 530B(a). The "shall" language in § 530B(a) makes California ethical obligation to present exculpatory evidence to a grand jury binding on federal prosecutors at the United States Attorney's Office for the Southern District of California. Because the government did not present exculpatory evidence to the grand jury in this case, i.e., no criminal involvement, virtually no statements by Wedding and statements by alleged co-conspirators explaining roles, stakes and involvement or the lack thereof regarding Wedding, dismissal is warranted. Co-defendant Sharani was a heavily involved drug smuggler, heavily involved in money laundering with overwhelming evidence against him and that he had plead guilty and agreed to cooperate to get credit for his testimony was perhaps not fully brought out at the Grand Jury.

In <u>Johnson v. Superior Court of San Joaquin County</u>, 15 Cal.3d 248 (1975), the California Supreme Court interpreted California Penal Code § 939.7, a precursor to the current § 939.71(a), and the obligations it imposed upon prosecutors seeking indictment before a grand jury. The court held that "when a district attorney seeking an indictment is aware of evidence reasonably tending to negate guilt, he is obligated under

section 939.7 to inform the grand jury of its nature and existence, so that the grand jury may exercise its power under the statute to order the evidence produced." Id. at 254. The state court characterized the grand jury as the "great inquest" between the prosecuting body of government and the citizen; as such, it shall "make accusations only upon sufficient evidence of guilt, and to protect the citizen against unfounded accusation, whether from the government, from partisan passion, or private malice." Id. To infuse the grand jury's power "to protect the citizen against unfounded accusation," the court strictly read a district attorney's obligations pursuant to Cal. Pen. Code § 939.7 as including the duty to "fully and fairly present" evidence to the grand jury. Id. at 255.

The circumstances in <u>Johnson</u> are similar to the facts present in the present case. There, along with a co-defendant, the petitioner had been arrested for the sale of amphetamine tablets to an undercover narcotics agent. Id. at 251. Before his arrest, however, the petitioner had pled guilty in another drug case and received a beneficial sentencing recommendation from the government on the condition that he cooperate in other drug prosecutions. Id. at 252. The petitioner argued that the district attorney failed to present evidence of this agreement to the grand jury and his testimony at a preliminary hearing that he was in the vicinity of the drug sale to inform on the drug dealer. Id. at 252-53. The magistrate court held that this omission was fatal and dismissed the charges. Id. at 252. Based upon its interpretation of § 939.7, the California Supreme Court agreed with the magistrate's resolution of the conflict.

In this case, Ryan Wedding had no prior conviction or involvement in any alleged drug or criminal activity. No known activity in Canada.  In fact, the mountain of recordings don't contain any statements regarding or referring to Wedding.  The only statements are ones made by Wedding when the co-defendants arrived at the airport from Canada.  And those statements were made by Wedding to appease an irate informant that wished to

conduct a drug transaction immediately and was angry with the co-defendants. Wedding re-iterated what was said by Sharani that they had to get the money from Los Angeles that it was not here, nothing more sinister than ***MerePresence.*** All other negotiations and conversations were with Krapchan and Sharani. Also, through the course of the investigation by recorded conversations in California with Krapchan and the informant, there are statements made between them and statements made by Sharani regarding ownership of money, roles of the individuals, knowledge and any stake in the alleged transactions, all showing virtually no involvement of Wedding, certainly none warranting an indictment.  Even looking at Mr. Wedding's cell phone indicates no calls to anyone other than his girlfriends in Canada while Sharani's phone is filled with calls and texts regarding other drug transactions. All this was known by the government and not presented to the grand jury. If these were presented to the grand jury an indictment could not be reached as to Wedding. It is alleged that Sharani actually testified at the grand jury with the knowledge that he had to be of *substantial assistance* to receive any credit, showing the motivation of the alleged perjury, which was known by the government. Accordingly, because the prosecution was aware of this material exculpatory evidence, the grand jury assistant should have so informed the grand jury. Failure to do so constitutes a failure to "fully and fairly present" evidence as required pursuant to California Penal Code § 939.71(a) and violates due process resulting in substantial prejudice. The Court, accordingly, should dismiss the indictment.

     The government will likely argue that the Supreme Court's decision in <u>United States v. Williams</u>, 504 U.S. 36 (1992), is dispositive of whether it must present exculpatory evidence to the grand jury. It would be difficult to imagine a less relevant precedent; <u>Williams</u> was premised upon the lack of a statutory mandate to support the exculpatory

evidence rule, while Mr. Wedding's motion is based upon precisely the authority lacking in Williams. Here, the State of California has promulgated a rule requiring disclosure of exculpatory evidence and Congress has incorporated that rule. Thus, Williams is distinguishable.

Because Williams expressly acknowledged legislative authority to regulate grand jury practice, see id. at 55, it should be of great consequence to this Court in deciding the issue that the California state legislature saw fit to draft and enact just such a disclosure requirement. See Cal. Penal Code § 939.71(a). Congress has applied this rule, among others, to federal prosecutors. See 28 U.S.C. § 530B(a) (applying State rules to attorneys in federal court within the State jurisdiction). Section 530B was enacted in late 1998, while § 939.71(a) was codified in mid-1997. Congress, thus, is presumed to enact new law with knowledge of existing statutes. See Whitfield v. United States, 543 U.S. 209, 216 (2005) ("Congress is presumed to have knowledge of the governing rule"); see also Williams v. Taylor, 529 U.S. 420, 434 (2000) (same). Section 939.71(a) placed an affirmative, and mandatory duty, upon the prosecutor to present exculpatory evidence it is aware of to the grand jury. Id. (Section 939.71(a) states that the prosecutor "*shall* inform the grand jury of its nature and existence"). Despite the government's repeated claims in the past that it is under no legal obligation to present exculpatory evidence to a federal grand jury panel when seeking an indictment, it cites no case law permitting it to act without regard to the enactment by the California state legislature.

In fact, the United States Attorneys' Manual, too, provides precisely what the California legislature does in remarkably similar language.

9-11.233 Presentation of Exculpatory Evidence

In United States v. Williams, 112 S. Ct. 1735 (1992), the Supreme Court held that the Federal courts' supervisory powers over the grand jury did not include the power to make a rule allowing the dismissal of an otherwise valid indictment where the

prosecutor failed to introduce substantial exculpatory evidence to a grand jury. It is the policy of the Department of Justice, however, that when a prosecutor conducting a grand jury inquiry is personally aware of substantial evidence that directly negates the guilt of a subject of the investigation, the prosecutor must present or otherwise disclose such evidence to the grand jury before seeking an indictment against such a person. While a failure to follow the department's policy should not result in dismissal of an indictment, appellate courts may refer violations of the policy to the Office of Professional Responsibility for review.

Available at: http://www.usdoj.gov/usao/eousa/foia_reading_room/usam/title9/11mcrm.htm#9-11.233.

Further 22 C.F.R. § 77.3, which is entitled "Application of 28 U.S.C. 530B," provides:

In all criminal investigations and prosecutions . . . attorneys for the government shall conform their conduct and activities *to the state rules and laws, and* federal local court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State. (emphasis added).

The express command to conform conduct "to the state rules and laws" in addition to federal ones disposes of the government's argument that § 939.71(a) only applies to state grand juries. If that logic dictated, there would be no discernable need for either the federal regulation of even the statute.

In light of the foregoing arguments Mr. Wedding believes that the prosecution was required by federal law - § 530B(a) - as well as state law to have disclosed exculpatory evidence based upon these statements of other co-defendants contained in the recorded transcripts. The prosecution plainly possessed such information, but failed to present it.

At the least, grand jury transcripts should be ordered disclosed. The Court may order disclosure of grand jury proceedings "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii).

Mr. Wedding has presented a ground for dismissal of the indictment satisfying the rule's requirement.

## IV.
## MOTION TO DISMISS THE INDICTMENT DUE TO MISINSTRUCTION OF THE GRAND JURY

Mr. Wedding moves to dismiss the Indictment due to misinstruction of the July 2007 Grand Jury. Mr. Wedding's arguments are essentially those set out in Judge Hawkins' dissent in <u>United States v. Marcucci</u>, 299 F.3d 1156 (9th Cir. 2002), cert. denied, 1538 U.S. 934 (2003) and Judge Kozinski's dissent in <u>United States v. Navarro-Vargas</u>, 367 F.3d 896 (9th Cir. 2004), opinion vacated by and en banc review granted by <u>United States v. Navarro-Vargas</u>, 367 F.3d 920 (9th Cir. 2004), and he incorporates those arguments by reference. See Reporter's Partial Transcript of the Proceedings (Instructions), dated July 26, 2007 (Exhibit A hereto).

## V.
## MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

Defense counsel requests leave to file further motions and notices of defense based upon information gained in the discovery process as well as defense investigation. There have been allegations of governmental misconduct by other co-defendants and those claims applications are being investigated. In particular, Mr. Wedding intends to file, at the least, a *Franks hearing* regarding motions to suppress.

## VI.
## CONCLUSION

For these and all the foregoing reasons, the defendant, Mr. Wedding, respectfully requests that this Court grant his motions and grant any and all other relief deemed proper and fair.

DATED: January 16, 2009

                                              Respectfully Submitted,

                                              _____
                                              David R. Denis
                                              Attorney for Defendant