David R. Denis SBN# 193143
Law Offices of David R. Denis P.C.
707 Wilshire Blvd., Suite 3600
Los Angeles, CA 90017
Tel. (213) 625-0033
Fax. (213) 625- 8833

Attorney for Defendant
Ryan Wedding

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CR NO. 08-2386-JM |
| Plaintiff, | ) |
| | ) **MOTION FOR ISSUANCE OF A** |
| v. | ) **REQUEST FOR INTERNAIOTAL** |
| | ) **JUDICIAL ASSISTANCE TO THE** |
| RYAN WEDDING | ) **REPUBLIC OF KAZAKHSTAN** |
| | ) |
| Defendants. | ) Honorable Jeffrey T. Miller |
| | ) |
| | ) DATE:  May 15, 2009 |
| | ) TIME::  1:30 P.M. |
| | ) |
| | ) |

TO THIS HONORABLE COURT AND TO THE ASSISTANT UNITED STATES

ATTORNEY:

Defendant Ryan Wedding, by and through his counsel of record, David R. Denis,

applies to the Court pursuant to Rule 57 of the Federal Rules of Criminal Procedure and

Title 28, United States Code §§ 1651 and 1781 for the issuance of a Request for Judicial

Assistance of the judicial authorities of the country of the Republic of Kazakhstan.

///

Motion for International Judicial Assistance                    US v RYAN WEDDING

1
2
3
4
5

Specifically, the Request for International Judicial Assistance[1] requests the judicial authorities of the Republic of Kazakhstan obtain and make available certain documentary and oral evidence relating to the informant in this case, Yuri Trofimov, a citizen of the Republic of Kazakhstan.

6

**I.**

7

**Statement of Facts Relevant to the Motion for Judicial Assistance**

8
9
10
11
12
13
14
15

After the culmination of a multi-year investigation conducted by the Federal Bureau of Investigation involving hundreds of hours of recordings of telephone calls and in-person meetings between the targets and an informant named Yuri Trofimov, defendant Ryan Wedding and his codefendants were arrested in San Diego on June 13, 2008. They are charged with conspiracy to possess cocaine with intent to distribute, 21 U.S.C. §§ 841 and 846, and criminal forfeiture, 21 U.S.C. § 853.

16
17
18
19
20
21

Mr. Trofimov is an immigrant from the Republic of Kazakhstan, a former republic of the USSR. Ryan Wedding was a former and current Canadian Olympian. Mr. Krapchan is a Canadian citizen who emigrated from Russia. The conversations between the Mr. Trofimov and Mr. Krapchan take place in the Russian language, which occur over a period of several years.

22
23
24
25
26
27
28

As outlined in his motion for information related to Mr. Trofimov, the government has still not provided any documentation of Mr. Trofimov's immigration status or of any agreements evincing the benefits he is receiving, has received, or expects to receive from the government in exchange for his assistance in the investigation and prosecution of Mr. Krapchan, Mr. Wedding and the other co-defendant, Hasan Shirani. Based on information discovered by the defense, Mr. Krapchan believed and Mr. Wedding also believes that Mr.

---

[1]A Proposed Request for International Judicial Assistance is attached as an exhibit to this motion.

Motion for International Judicial Assistance                    US v RYAN WEDDING

Case 3:08-cr-02386-JM Document 88 Filed 04/24/09 Page 3 of 8

Trofimov was involved in, accused of or convicted of fraud-related crimes when he was living in Kazakhstan. Mr. Wedding further believes that Mr. Trofimov may have fled or been expelled from the Republic of Kazakhstan as a result of these offenses, causing him to file for asylum in this and other countries.

Mr. Wedding remains in custody and his attorneys have no way to conduct an investigation into these activities without the assistance of government officials in the Republic of Kazakhstan. An investigator in Kazakhstan has indicated that these "letters rogatory" would be highly beneficial in obtaining the information requested. These officials are in a position to provide the defense with official documents and personal testimony related to the informant's criminal activities there. The defense believes it is important to secure such information as it likely will provide powerful impeachment material at trial. The credibility of Mr. Trofimov will play a central role at trial, since it is anticipated he will be the government's key witness who will provide context for and interpret recorded conversations regarding the other co-defendants and Mr. Wedding as well as relate the contents of unrecorded conversations between the defendants and him.

**II.**

**<u>Argument</u>**

*A. The District Courts Have the Power to Issue Requests for Judicial Assistance*

Requests for judicial assistance, or "letters rogatory," are formal requests from a court of one nation to the judiciary of a foreign nation, enlisting the assistance of the latter in obtaining evidence which is beyond the jurisdiction of the requesting court. The execution of a request for judicial assistance by the foreign court is based, in the absence of a treaty, on a comity between nations at peace and as such is discretionary

3

in nature. *Janssen v. Belding-Corticelli* 84 F.2d 577, 579 (3rd Cir. 1936), *United States*

*v. Zabady,* 546 F. Supp. *35, 39 (M.D.* Pa. 1982).

The power of federal courts to issue such requests is derived from 28 U.S.C. §

1781, *United States v. Reagan,* 453 F.2d 165, 171-173 (6th Cir. 1971), and from the

court's "inherent" authority. *United States v. Staples,* 256 F.2d 290, 292 (9th Cir. 1958),

*De Villanueve v. Morning Journal Ass'n, 206 F.* 70 (S.D.N.Y. 1913). The use of §

1781 to gather evidence to assist a criminal defendant has been recognized by the

courts. *E.g. United States v. Sensi,* 879 F.2d 888, 898 (D.C. Cir. 1989) (pointing out

that the defendant has the ability to "ask[] the district court to issue letters rogatory

addressed to a court of Kuwait seeking its assistance in gathering evidence from

witnesses residing there"). The authority to seek official assistance between the

judiciary of independent nations is based on the principal of international cooperation

and reciprocal comity. Thus, the federal courts also are authorized to accept and

execute the requests of foreign tribunals, 28 U.S.C. § 1782. *In re Request for Judicial*

*Assistance from Seoul,* 555 F.2d 720 (9th Cir.1977).

**B.  The Procedure for Issuance of a Request for Judicial Assistance Is by**

**Application to the Requesting Court**

Although the Rules of Criminal Procedure do not provide procedures for the

issuance of requests for judicial assistance, Rule 57 of the Federal Rules of Criminal

Procedure provides:

> In all cases not provided for by rule, the district judges and magistrates
>
> may regulate their practice in any manner not inconsistent with these rules
>
> or those in the district in which they act.

Motion for International Judicial Assistance                    US v RYAN WEDDING

Further, "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

The Court is therefore authorized under the above provisions to implement the letter rogatory provisions of Title 28, United States Code, § 1781. This provision provides, in part:

(a)  The Department of State has power directly or through suitable channels…

(b)  to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign of international tribunal officer, or agency to whom it is addressed and to receive its return after execution. *Id.*

An application for a request for judicial assistance seeking only documents is similar to a request for a subpoena duces tecum, which a party may obtain without leave of court and without notice to the adverse party. *See* Fed. R. Crim. P. 17(c). Documentary and other evidence is property obtainable via a request for judicial assistance in a criminal case. *See United States v. Reagan,* 453 F.2d 165 (6th Cir. 1971).

**C.  *Mr. Wedding Needs the Assistance of the Republic of Kazakhstan to Prepare his Defense.***

As stated above, Mr. Wedding believes that officials within the Republic of Kazakhstan will be able to provide him with important impeachment material regarding the informant, Yuri Trofimov, whose testimony and credibility will be a central component of the case. Mr. Wedding and his attorneys have no independent ability to secure any documents or testimony from these officials. An investigator in Kazakhstan contacted by the Defense has indicated that these letters rogatory would be highly beneficial in obtaining the information requested and securing cooperation from these officials. The prosecution has

Motion for International Judicial Assistance                    US v RYAN WEDDING

not voluntarily provided any *Brady* material on Mr. Trofimov, and it is unlikely that the

government maintains full documentation of his illegal activities in Kazakhstan. Recently,

the government has also admitted that this was a viable means to obtain the desired

information.[2] This court has gone even one step further and discussed a case in the criminal

context of a 1983 action on the issue of *qualified immunity of state actors* where the

investigating agency did not disclose information to the prosecution, the Ninth Circuit held

this did not insulate the prosecution from its obligation under *Brady* or afford the state actor

immunity under §1983[3].

For these reasons, Mr. Wedding respectfully urges the Court to grant this motion and

issue a Request for International Judicial Assistance to the Republic of Kazakhstan. The

Court's assistance, though no guarantee of cooperation, will go a long way toward securing

relevant evidence and testimony in the most efficient manner, which will further the Court's

---

[2] Transcript Excerpt from Hearing dated 12/19/2008 (pg. 11, line 13-25)

   Mr. Guiterrez:     No, your Honor. We fully intend to -- for lack of a better term, we have nothing to hide. I will personally with the agent present talk to the informant and ask, make inquiries. If he says there isn't anything, I think that's where my inquiry will stop at that point. If Mr. Pancer gives me other information or documentation that would be contrary, I'd be more than happy to pursue that. We do not have the relevant treaty with Kazakhstan. I made inquiries, what I can do. ***I know counsel has made essentially a letters rogatory request in his underlying  motion. I don't know how far that's gone, but I understand that's a viable method for him to pursue. But I'm more than happy to do what I can as far as asking.***

[3] Transcript Excerpt from Hearing dated 12/19/2008 (pg. 12,line 9 to pg. 13, line 25)

   The Court:          …. You're aware of what your obligations are. There's a very interesting recent Ninth Circuit case, by the way. I don't think it was within the context of a criminal case, although it was -- it involved the duties of an investigating agency who had possession of exculpatory material to provide that material to the prosecutor as the prosecutor was prosecuting a criminal case, and it comes up within the context, of all things, a federal civil rights case where an individual was incarcerated for a ten-year period of time, then there's a finding of factual  innocence, and it comes to light that the investigating agency did not provide information to the prosecution team, the prosecution team throws up its hands and says we don't have any control over this, this was basically an investigation aspect of the case, and the Ninth Circuit held that does not insulate the prosecution from its obligations under Brady. And ultimately the question arose in a qualified immunity context under 1983, and the Ninth Circuit said qualified immunity would not protect the individual state actors in that case. Interesting case. But I think it speaks to the larger obligation. Do you have to engage in a withering cross-examination and deposition and obtain a blood oath from a confidential informant that that confidential informant has told you absolutely everything? You know, probably not, but I think there is a threshold obligation to make reasonable inquiry to satisfy yourself, that is, for the government to satisfy itself that it has obtained everything that would be fairly discoverable under a Brady rationale. So you've said the right things. You've -- I don't have any doubt that you're aware of your obligations and that you'll continue to provide any discovery that should be forthcoming.

goals of promoting justice, protecting a defendant's right to mount a defense, and *avoiding unnecessary delay*.

### III.

### Conclusion

For the above-stated reasons, Mr. Wedding respectfully urges the Court to grant his motion for issuance of a Request for International Judicial Assistance to the Republic of Kazakhstan.  Mr. Wedding also requests the government provide some identifying information such as Mr. Trofimov's **date of birth,** Kazakhstan **ID card or number** and/or any other identifier that would assist in obtaining the requested information.

DATED: April 24, 2009

Respectfully Submitted,

S/ DAVID R. DENIS

_____

David R. Denis
Attorney for Defendant

Motion for International Judicial Assistance                    US v RYAN WEDDING

1

**PROOF OF SERVICE**

2

I declare that:

3

I am a citizen of the United States and employed in the city of Los Angeles, CA. I am

4

over eighteen years of age and not a party to the action. My business address is 707

5

Wilshire Blvd., Suite 3600, los Angeles, CA 90017.

6

On April 24, 2009, I personally served the following documents:

7

**Motion for the Issuance of a Request for International Judicial Assistance to the**

8

**Republic of Kazakhstan**

9

on the below attorneys by electronic filing:

10

Assistant United States Attorney Orlando Gutierrez

11

Counsel for all co-defendants

12

I declare under penalty of perjury that the foregoing is true and correct, and that this

13

declaration was executed on April 24, 2009 at Los Angles, CA.

14

15

16

S/ DAVID R. DENIS

17

_____

18

David R. Denis
Attorney for Defendant

19

20

21

22

23

24

25

26

27

28

Motion for International Judicial Assistance                    US v RYAN WEDDING