# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 08cr2386 JM |
| Plaintiff, | ORDER ON DEFENDANT'S MOTION FOR IN CAMERA REVIEW; ORDER ON DEFENDANT'S DISCOVERY REQUESTS |
| vs. | |
| RYAN WEDDING, | |
| Defendant. | |

On or about November 5, 2009 Defendant submitted documents for an in camera review related to co-defendant Hassan Shirani. As the request relates to impeachment materials, the court defers all evidentiary rulings until the time of trial. The extent of impeachment materials is limited by Rules 404(b) and 609 of the Federal Rules of Evidence. No further order will be forthcoming on Defendant's ex parte request for in camera review.

With respect to Defendant's requests for continued discovery (Docket No. 176), the court notes that the Government has already produced responsive discovery or made such discovery available for Defendant's inspection. As further noted in the Government's response (Docket No. 181), Defendant largely fails to identify specific discoverable materials. Notwithstanding, the Government is under an on-going obligation under Brady. Brady imposes on the government the duty to disclose to the defendant prior to trial, "evidence favorable to an accused . . . where the evidence is material either

1  to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v.
2  Maryland, 373 U.S. at 87.  The three essential components for a Brady violation are (1) the evidence
3  at issue must be favorable to the defendant, whether directly exculpatory or of impeachment value;
4  (2) it must have been suppressed by the state, whether willfully or inadvertently; and (3) it must be
5  material.  Strickler v. Greene, 557 U.S. 263, 275 (1999).  The materiality requirement is recognized
6  as the hallmark of the Brady doctrine.  See United States v. Bagley, 473 U.S. 667 (1985) (holding that
7  the Brady doctrine requires discovery of impeachment evidence that is material); United States v.
8  Strifler, 851 F.2d 1197, 1201 (9th Cir. 1988) (holding that Brady information includes "material . . .
9  that bears on the credibility of a significant witness in the case.").  "A fair analysis of the holding in
10 Brady indicates that implicit in the requirement of materiality is a concern that the suppressed
11 evidence may have affected the outcome of the trial."  United States v. Agurs, 427 U.S. 97, 104
12 (1976).

13  Evidence impeaching the testimony of a government witness falls within the scope of Brady
14 when the reliability of a witness may be determinative of a defendant's guilt or innocence.  Giglio v.
15 United States, 405 U.S. 150, 154 (1972).  In Giglio, the Supreme Court found a Brady due process
16 violation by the government's suppression of evidence of a leniency agreement with an accomplice
17 witness. The Supreme Court stated that the accomplice witness's "credibility as a witness was . . . an
18 important issue in the case, and evidence of any understanding or agreement as to a future prosecution
19 would be relevant to his credibility and the jury was entitled to know of it."  Id. at 154-55.  Brady
20 highlights the Government's duty "to ensure that a miscarriage of justice does not occur."  Bagley,
21 473 U.S. at 675.  The prosecutor's unique role "transcends that of an adversary: [the prosecutor] 'is
22 the representative not of an ordinary party to a controversy, but of a sovereignty . . . whose interest
23 . . . in a criminal prosecution is not that it shall win a case, but that justice shall be done.'"  Id. at 675
24 n. 6.

25  Here, Defendant's submissions do not raise any specific, fully developed argument that the
26 Government has withheld any Brady material.  Rather, Defendants seek to expand the scope of
27 ///
28 ///

discovery beyond Brady's core holding. Consequently, the court denies Defendant's motion for additional discovery beyond the Government's obligations under Brady of Giglio.

**IT IS SO ORDERED.**

DATED: November 12, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties