# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>RYAN WEDDING,<br><br>　　　　　　　　　　Defendant. | CASE NO. 08cr2386 JM<br><br>ORDER DENYING DEFENDANT'S MOTION FOR FURTHER DISCOVERY AND THE ISSUANCE OF SUBPOENAS |

On or about November 11, 2009 Defendant submitted a motion to subpoena witnesses and a motion to compel and hold MCC in contempt. (Docket Nos. 182, 183). On the first day of trial, November 16, 2009, Defendant renewed several discovery related requests. This order follows.

**Subpoena to MCC re: Shirani Telephone Calls**

Defendant requests that a subpoena duces tecum issue to MCC for the production of all recorded telephone conversations between co-defendant Hassan Shirani and any other individual. The Government has produced many, if not all, of the recordings with respect to the first subpoena. The second subpoena issued to MCC, and upon which the Government moves to quash, (Docket No. 30), sought additional recordings of Shirani's telephone calls. The court reviewed a portion of these recordings in camera and concluded that the telephone calls need not be discovered to Defendant. The court highlights that the transcripts did not identify any Rule 16, Brady or Giglio materials.

The court concludes, in the absence of a further showing by Defendant, that Defendant fails to show that the Shirani telephone calls provide impeachment evidence or are otherwise reasonably

necessary for Defendant to provide an adequate defense. Moreover, Defendant fails to identify any specific evidence which calls into question the Government's failure to provide discovery pursuant to Rule 16, Brady, Giglio, or the Jenks Act. Consequently, the court quashes the subpoena issued to the MCC.

**Contact Information of the Immigration Officer who Denied CS-1's Asylum Application**

Defendant also requests that a subpoena be issued to require the Government to provide the name and business address of the asylum officer that denied CS-1's application for asylum. In conclusory fashion, Defendant argues that "the Government has violated both the confrontation and compulsory process clauses." (Motion at p.3:27-28, Docket No. 182). Fatal to Defendant's argument is his failure to identify with any detail the manner in which such testimony would be helpful to the defense.

The court further notes that the Government, pursuant to court order, provided Defendant with a detailed summary of CS-1's immigration proceedings. The court notes, contrary to Defendant's claims that people frequently lie on asylum applications, that the asylum officer did not find that CS-1 was untruthful. Rather, the asylum officer found that CS-1 had provided insufficient-proof-of-persecution. This is a distinct and separate inquiry from whether the CS-1 lied on the asylum application. While the Government has identified some inconsistencies in the summary with respect to when CS-1 first moved to Kazakhstan and participated in church services, such an inquiry appears collateral to the issues before the court.

In sum, Defendant does not satisfy his burden of showing that the sought after information is reasonably necessary for the adequate preparation of the defense. The motion to compel, for sanctions, and to issue subpoenas is denied.

**IT IS SO ORDERED.**

DATED: November 16, 2009

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties