

# FINAL JURY INSTRUCTIONS

### CASE NO. 08CR2386-JM

### <u>USA V. RYAN WEDDING</u>

### TRIAL: NOVEMBER 16, 2009

# JURY INSTRUCTION NO. 1

# DUTY TO FOLLOW LAW

MEMBERS OF THE JURY, NOW THAT YOU HAVE HEARD ALL THE EVIDENCE, IT IS MY DUTY TO INSTRUCT YOU ON THE LAW WHICH APPLIES TO THIS CASE. A COPY OF THESE INSTRUCTIONS WILL BE AVAILABLE IN THE JURY ROOM FOR YOU TO CONSULT.

IT IS YOUR DUTY TO FIND THE FACTS FROM ALL THE EVIDENCE IN THE CASE. TO THOSE FACTS YOU WILL APPLY THE LAW AS I GIVE IT TO YOU. YOU MUST FOLLOW THE LAW AS I GIVE IT TO YOU WHETHER YOU AGREE WITH IT OR NOT. AND YOU MUST NOT BE INFLUENCED BY ANY PERSONAL LIKES OR  DISLIKES, OPINIONS, PREJUDICES, OR SYMPATHY. THAT MEANS THAT YOU MUST DECIDE THE CASE SOLELY ON THE EVIDENCE BEFORE YOU. YOU WILL RECALL THAT YOU TOOK AN OATH PROMISING TO DO SO AT THE BEGINNING OF THE CASE.

IN FOLLOWING MY INSTRUCTIONS, YOU MUST FOLLOW ALL OF

Ninth Circuit Model Criminal Jury Instructions  §3.1 (2003 Ed.)

Jury Instructions, <u>U.S. v. Wedding</u>

Page 1

THEM AND NOT SINGLE OUT SOME AND IGNORE OTHERS; THEY ARE ALL EQUALLY IMPORTANT. YOU MUST NOT READ INTO THESE INSTRUCTIONS OR INTO ANYTHING THE COURT MAY HAVE SAID OR DONE ANY SUGGESTION AS TO WHAT VERDICT YOU SHOULD RETURN—THAT IS A MATTER ENTIRELY UP TO YOU.

Ninth Circuit Model Criminal Jury Instructions  §3.1 (2003 Ed.)

Jury Instructions, <u>U.S. v. Wedding</u>

Page 2

## JURY INSTRUCTION NO. 2

## CHARGE AGAINST DEFENDANT NOT EVIDENCE --

## PRESUMPTION OF INNOCENCE-- BURDEN OF PROOF

THE DEFENDANT IS ACCUSED IN AN INDICTMENT WITH KNOWINGLY AND INTENTIONALLY CONSPIRING TO DISTRIBUTE 5 KILOGRAMS AND MORE OF COCAINE, A SCHEDULE II CONTROLLED SUBSTANCE, BEGINNING ON AN UNKNOWN DATE AND CONTINUING UP TO AND INCLUDING JUNE 13, 2008, WITHIN THE SOUTHERN DISTRICT OF CALIFORNIA.

COCAINE IS A CONTROLLED SUBSTANCE LISTED IN SCHEDULE II OF THE CONTROLLED SUBSTANCES ACT.

THE INDICTMENT IS NOT EVIDENCE. THE DEFENDANT HAS PLEADED NOT GUILTY TO THE CHARGE. THE DEFENDANT IS PRESUMED TO BE INNOCENT AND DOES NOT HAVE TO TESTIFY OR PRESENT ANY

Ninth Circuit Model Criminal Jury Instructions §3.2 (2003 Ed.)

# JURY INSTRUCTION NO. 1

# DUTY TO FOLLOW LAW

MEMBERS OF THE JURY, NOW THAT YOU HAVE HEARD ALL THE EVIDENCE, IT IS MY DUTY TO INSTRUCT YOU ON THE LAW WHICH APPLIES TO THIS CASE. A COPY OF THESE INSTRUCTIONS WILL BE AVAILABLE IN THE JURY ROOM FOR YOU TO CONSULT.

IT IS YOUR DUTY TO FIND THE FACTS FROM ALL THE EVIDENCE IN THE CASE. TO THOSE FACTS YOU WILL APPLY THE LAW AS I GIVE IT TO YOU. YOU MUST FOLLOW THE LAW AS I GIVE IT TO YOU WHETHER YOU AGREE WITH IT OR NOT. AND YOU MUST NOT BE INFLUENCED BY ANY PERSONAL LIKES OR  DISLIKES, OPINIONS, PREJUDICES, OR SYMPATHY. THAT MEANS THAT YOU MUST DECIDE THE CASE SOLELY ON THE EVIDENCE BEFORE YOU. YOU WILL RECALL THAT YOU TOOK AN OATH PROMISING TO DO SO AT THE BEGINNING OF THE CASE.

IN FOLLOWING MY INSTRUCTIONS, YOU MUST FOLLOW ALL OF

Ninth Circuit Model Criminal Jury Instructions  §3.1 (2003 Ed.)

Jury Instructions, U.S. v. Wedding                                                    Page 1

**EVIDENCE TO PROVE INNOCENCE. THE GOVERNMENT HAS THE BURDEN OF PROVING EVERY ELEMENT OF THE CHARGE BEYOND A REASONABLE DOUBT.**

Ninth Circuit Model Criminal Jury Instructions §3.2 (2003 Ed.)

Jury Instructions, U.S. v. Wedding                                    Page 4

## JURY INSTRUCTION NO. 3

## DEFENDANT HAS PLEADED NOT GUILTY

THE DEFENDANT HAS PLEADED "NOT GUILTY" TO THE CHARGE CONTAINED IN THE INDICTMENT. THIS PLEA PUTS IN ISSUE EACH OF THE ESSENTIAL ELEMENTS OF THE OFFENSE AS DESCRIBED IN THESE INSTRUCTIONS, AND IMPOSES ON THE GOVERNMENT THE BURDEN OF ESTABLISHING EACH OF THE ELEMENTS OF THE CHARGE BY PROOF BEYOND A REASONABLE DOUBT.

## JURY INSTRUCTION NO. 4

## DEFENDANT'S DECISION NOT TO TESTIFY

A DEFENDANT IN A CRIMINAL CASE HAS A CONSTITUTIONAL RIGHT NOT TO TESTIFY. NO PRESUMPTION OF GUILT MAY BE RAISED, AND NO INFERENCE OF ANY KIND MAY BE DRAWN, FROM THE FACT THAT A DEFENDANT DID NOT TESTIFY.

Ninth Circuit Model Criminal Jury Instructions §3.3 (2003 Ed.)

Jury Instructions, U.S. v. Wedding                                   Page 6

## JURY INSTRUCTION NO. 5

## REASONABLE DOUBT -- DEFINED

PROOF BEYOND A REASONABLE DOUBT IS PROOF THAT LEAVES YOU FIRMLY CONVINCED THAT THE DEFENDANT IS GUILTY. IT IS NOT REQUIRED THAT THE GOVERNMENT PROVE GUILT BEYOND ALL POSSIBLE DOUBT.

A REASONABLE DOUBT IS A DOUBT BASED UPON REASON AND COMMON SENSE AND IS NOT BASED PURELY ON SPECULATION. IT MAY ARISE FROM A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, OR FROM LACK OF EVIDENCE.

IF AFTER A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, YOU ARE NOT CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY, IT IS YOUR DUTY TO FIND THE DEFENDANT NOT GUILTY. ON THE OTHER HAND, IF AFTER A CAREFUL

Ninth Circuit Model Criminal Jury Instructions §3.5 (2003 Ed.)

AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, YOU ARE

CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS

GUILTY, IT IS YOUR DUTY TO FIND THE DEFENDANT GUILTY.

Ninth Circuit Model Criminal Jury Instructions §3.5 (2003 Ed.)

Jury Instructions, U.S. v. Wedding                                    Page 8

# JURY INSTRUCTION NO. 6

## WHAT IS EVIDENCE

THE EVIDENCE FROM WHICH YOU ARE TO DECIDE WHAT THE FACTS ARE CONSISTS OF:

(1) THE SWORN TESTIMONY OF WITNESSES, BOTH ON DIRECT AND CROSS-EXAMINATION, REGARDLESS OF WHO CALLED THE WITNESS;

(2) THE EXHIBITS WHICH HAVE BEEN RECEIVED INTO EVIDENCE; AND

(3) ANY FACTS TO WHICH ALL THE LAWYERS HAVE AGREED OR STIPULATED.

THE WEIGHT OF THIS EVIDENCE IS NOT NECESSARILY DETERMINED BY THE NUMBER OF WITNESSES TESTIFYING ON EITHER SIDE. YOU SHOULD CONSIDER ALL THE FACTS AND CIRCUMSTANCES IN EVIDENCE

Ninth Circuit Model Criminal Jury Instructions §3.6 (2003 Ed.)

**TO DETERMINE WHICH OF THE WITNESSES ARE WORTHY OF GREATER**

**CREDENCE.**

Ninth Circuit Model Criminal Jury Instructions §3.6 (2003 Ed.)

Jury Instructions, <u>U.S. v. Wedding</u>                                   Page 10

# JURY INSTRUCTION NO. 7

# WHAT IS NOT EVIDENCE

IN REACHING YOUR VERDICT YOU MAY CONSIDER ONLY THE TESTIMONY AND EXHIBITS RECEIVED INTO EVIDENCE. CERTAIN THINGS ARE NOT EVIDENCE AND YOU MAY NOT CONSIDER THEM IN DECIDING WHAT THE FACTS ARE. I WILL LIST THEM FOR YOU.

1.   ARGUMENTS AND STATEMENTS BY LAWYERS ARE NOT EVIDENCE. THE LAWYERS ARE NOT WITNESSES. WHAT THEY HAVE SAID IN THEIR OPENING STATEMENTS, CLOSING ARGUMENTS AND AT OTHER TIMES IS INTENDED TO HELP YOU INTERPRET THE EVIDENCE, BUT IT IS NOT EVIDENCE. IF THE FACTS AS YOU REMEMBER THEM DIFFER FROM THE WAY THE LAWYERS HAVE STATED THEM, YOUR MEMORY OF THEM CONTROLS.

Ninth Circuit Model Criminal Jury Instructions §3.7 (2003 Ed.)

Jury Instructions, U.S. v. Wedding                                          Page 11

2.   QUESTIONS AND OBJECTIONS BY LAWYERS ARE NOT EVIDENCE.  ATTORNEYS HAVE A DUTY TO THEIR CLIENTS TO OBJECT WHEN THEY BELIEVE A QUESTION IS IMPROPER UNDER THE RULES OF EVIDENCE.  YOU SHOULD NOT BE INFLUENCED BY THE OBJECTION OR BY THE COURT'S RULING ON IT.  IF A LAWYER HAS ASKED A QUESTION IN SUCH A WAY THAT IT STATES CERTAIN FACTS, THOSE FACTS ARE NOT EVIDENCE UNLESS A WITNESS OR WITNESSES HAVE TESTIFIED TO THE EXISTENCE OF THOSE FACTS OR THEY ARE ESTABLISHED BY SOME OTHER EVIDENCE.

3.   TESTIMONY THAT HAS BEEN EXCLUDED OR STRICKEN, OR THAT YOU HAVE BEEN INSTRUCTED TO DISREGARD, IS NOT EVIDENCE AND MUST NOT BE CONSIDERED.

4.   ANYTHING YOU MAY HAVE SEEN OR HEARD WHEN THE COURT WAS NOT IN SESSION IS NOT EVIDENCE.  YOU ARE TO DECIDE THE CASE SOLELY ON THE EVIDENCE RECEIVED AT THE TRIAL.

Ninth Circuit Model Criminal Jury Instructions §3.7 (2003 Ed.)

Jury Instructions, U.S. v. Wedding

# JURY INSTRUCTION NO. 8

# DIRECT AND CIRCUMSTANTIAL EVIDENCE

EVIDENCE MAY BE DIRECT OR CIRCUMSTANTIAL. DIRECT EVIDENCE IS TESTIMONY BY A WITNESS ABOUT WHAT THAT WITNESS PERSONALLY SAW OR HEARD OR DID. CIRCUMSTANTIAL EVIDENCE IS INDIRECT EVIDENCE, THAT IS, IT IS PROOF OF ONE OR MORE FACTS FROM WHICH ONE CAN FIND ANOTHER FACT. YOU ARE TO CONSIDER BOTH DIRECT AND CIRCUMSTANTIAL EVIDENCE. THE LAW PERMITS YOU TO GIVE EQUAL WEIGHT TO BOTH, BUT IT IS FOR YOU TO DECIDE HOW MUCH WEIGHT TO GIVE TO ANY EVIDENCE.

# JURY INSTRUCTION NO. 9

# EVIDENCE FOR LIMITED PURPOSE

SOME EVIDENCE WAS ADMITTED FOR A LIMITED PURPOSE ONLY. WHEN I INSTRUCT YOU THAT AN ITEM OF EVIDENCE HAS BEEN ADMITTED FOR A LIMITED PURPOSE, YOU MUST CONSIDER IT ONLY FOR THAT LIMITED PURPOSE AND FOR NO OTHER.

Ninth Circuit Model Criminal Jury Instructions §1.5 (2003 Ed.)

Jury Instructions, U.S. v. Wedding

Page 14

# JURY INSTRUCTION NO. 10

## CREDIBILITY OF WITNESSES

IN DECIDING THE FACTS IN THIS CASE, YOU MAY HAVE TO DECIDE WHICH TESTIMONY TO BELIEVE AND WHICH TESTIMONY NOT TO BELIEVE. YOU MAY BELIEVE EVERYTHING A WITNESS SAYS, OR PART OF IT, OR NONE OF IT.

IN CONSIDERING THE TESTIMONY OF ANY WITNESS, YOU MAY TAKE INTO ACCOUNT:

1. THE OPPORTUNITY AND ABILITY OF THE WITNESS TO SEE OR HEAR OR KNOW THE THINGS TESTIFIED TO;

2. THE WITNESS' MEMORY;

3. THE WITNESS' MANNER WHILE TESTIFYING;

4. THE WITNESS' INTEREST IN THE OUTCOME OF THE CASE OR ANY BIAS OR PREJUDICE;

5. WHETHER OTHER EVIDENCE CONTRADICTED THE WITNESS'

Ninth Circuit Model Criminal Jury Instructions §3.9 (2003 Ed.)

Jury Instructions, <u>U.S. v. Wedding</u>                                    Page 15

TESTIMONY;

6.   THE REASONABLENESS OF THE WITNESS' TESTIMONY IN LIGHT OF ALL THE EVIDENCE; AND

7.   ANY OTHER FACTORS THAT BEAR ON BELIEVABILITY.

THE WEIGHT OF THE EVIDENCE AS TO A FACT DOES NOT NECESSARILY DEPEND ON THE NUMBER OF WITNESSES WHO TESTIFY.

Ninth Circuit Model Criminal Jury Instructions §3.9 (2003 Ed.)

Jury Instructions, U.S. v. Wedding

Page 16

# JURY INSTRUCTION NO. 11

# EVIDENCE OF OTHER ACTS OF DEFENDANT

# OR ACTS AND STATEMENTS OF OTHERS

YOU ARE HERE ONLY TO DETERMINE WHETHER THE DEFENDANT IS GUILTY OR NOT GUILTY OF THE CHARGE IN THE INDICTMENT. YOUR DETERMINATION MUST BE MADE ONLY FROM THE EVIDENCE IN THE CASE. THE DEFENDANT IS NOT ON TRIAL FOR ANY CONDUCT OR OFFENSE NOT CHARGED IN THE INDICTMENT. YOU SHOULD CONSIDER EVIDENCE ABOUT THE ACTS, STATEMENTS, AND INTENTIONS OF OTHERS, OR EVIDENCE ABOUT OTHER ACTS OF THE DEFENDANT, ONLY AS THEY RELATE TO THIS CHARGE AGAINST THIS DEFENDANT.

Ninth Circuit Model Criminal Jury Instructions §3.10 (2003 Ed.)

Jury Instructions, U.S. v. Wedding                                   Page 17

# JURY INSTRUCTION NO. 12

# OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

YOU HAVE HEARD EVIDENCE OF OTHER ACTS ENGAGED IN BY THE DEFENDANT, SPECIFICALLY THAT DEFENDANT PROVIDED MONEY TO HASSAN SHIRANI ON A PRIOR OCCASION.  YOU MAY CONSIDER THAT EVIDENCE ONLY AS IT BEARS ON THE DEFENDANT'S INTENT, KNOWLEDGE, OPPORTUNITY, PLAN AND ANY ABSENCE OF MISTAKE AND FOR NO OTHER PURPOSE.

Ninth Circuit Model Criminal Jury Instructions §4.3 (2003 Ed.)

Jury Instructions, U.S. v. Wedding

JURY INSTRUCTION NO. 13

## TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES—IMMUNITY, BENEFITS, ACCOMPLICE, PLEA

YOU HAVE HEARD TESTIMONY FROM HASSAN SHIRANI, A WITNESS WHO PLEADED GUILTY TO A CRIME ARISING OUT OF THE SAME EVENTS FOR WHICH THE DEFENDANT IS ON TRIAL AND MAY RECEIVE FAVORED TREATMENT FROM THE GOVERNMENT. THIS GUILTY PLEA IS NOT EVIDENCE AGAINST THE DEFENDANT, AND YOU MAY CONSIDER IT ONLY IN DETERMINING THIS WITNESS'S BELIEVABILITY.

FOR THIS REASON, IN EVALUATING HASSAN SHIRANI'S TESTIMONY, YOU SHOULD CONSIDER THE EXTENT TO WHICH OR WHETHER HASSAN SHIRANI'S TESTIMONY MAY HAVE BEEN INFLUENCED BY THESE FACTORS. IN ADDITION, YOU SHOULD EXAMINE HASSAN SHIRANI'S TESTIMONY WITH GREATER CAUTION THAN THAT OF OTHER WITNESSES.

Ninth Circuit Model Criminal Jury Instructions §4.9 (modified 6/2005 Ed.)

Jury Instructions, <u>U.S. v. Wedding</u>                                              Page 19

# JURY INSTRUCTION NO. 14

# GOVERNMENT'S USE OF UNDERCOVER AGENTS

# AND INFORMANTS

YOU HAVE HEARD TESTIMONY ABOUT A CONFIDENTIAL SOURCE OR INFORMANT WHO WAS INVOLVED IN THE GOVERNMENT'S INVESTIGATION IN THIS CASE. LAW ENFORCEMENT OFFICIALS ARE NOT PRECLUDED FROM ENGAGING IN STEALTH AND DECEPTION, SUCH AS THE USE OF INFORMANTS AND UNDERCOVER AGENTS IN ORDER TO APPREHEND PERSONS ENGAGED IN CRIMINAL ACTIVITIES. UNDERCOVER AGENTS AND INFORMANTS MAY PROPERLY MAKE USE OF FALSE NAMES AND APPEARANCES AND MAY PROPERLY ASSUME THE ROLES OF MEMBERS IN CRIMINAL ORGANIZATIONS. THE GOVERNMENT MAY UTILIZE A BROAD RANGE OF SCHEMES AND PLOYS TO FERRET OUT CRIMINAL ACTIVITY.

Ninth Circuit Model Criminal Jury Instructions §4.13 (2003 Ed.)

Jury Instructions, U.S. v. Wedding                                    Page 20

# JURY INSTRUCTION NO. 15

# OPINION EVIDENCE, EXPERT WITNESS

YOU HAVE HEARD TESTIMONY FROM PERSONS WHO, BECAUSE OF EDUCATION OR EXPERIENCE, ARE PERMITTED TO STATE OPINIONS AND THE REASONS FOR THE OPINIONS.

OPINION TESTIMONY SHOULD BE JUDGED JUST LIKE ANY OTHER TESTIMONY. YOU MAY ACCEPT IT OR REJECT IT, AND GIVE IT AS MUCH WEIGHT AS YOU THINK IT DESERVES, CONSIDERING THE WITNESS' EDUCATION AND EXPERIENCE, THE REASONS GIVEN FOR THE OPINION, AND ALL THE OTHER EVIDENCE IN THE CASE.

Ninth Circuit Model Criminal Jury Instructions §4.17 (2003 Ed.)

Jury Instructions, <u>U.S. v. Wedding</u>                                    Page 21

## JURY INSTRUCTION NO. 16

## CONSPIRACY–ELEMENTS

THE DEFENDANT IS CHARGED IN THE INDICTMENT WITH CONSPIRING TO DISTRIBUTE COCAINE IN VIOLATION OF SECTIONS 841(A)(1) AND 846 OF TITLE 21 OF THE UNITED STATES CODE.  IN ORDER FOR THE DEFENDANT TO BE FOUND GUILTY OF THAT CHARGE, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST:     THERE WAS AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO DISTRIBUTE COCAINE AS CHARGED IN THE INDICTMENT; AND

SECOND:  THE DEFENDANT BECAME A MEMBER OF THE CONSPIRACY KNOWING OF AT LEAST ONE OF ITS OBJECTS AND INTENDING TO HELP ACCOMPLISH IT████

Ninth Circuit Model Criminal Jury Instructions §8.16 (2003 Ed.)

Jury Instructions, U.S. v. Wedding

I SHALL DISCUSS WITH YOU BRIEFLY THE LAW RELATING TO EACH OF THESE ELEMENTS.

A CONSPIRACY IS A KIND OF CRIMINAL PARTNERSHIP—AN AGREEMENT OF TWO OR MORE PERSONS TO COMMIT ONE OR MORE CRIMES. THE CRIME OF CONSPIRACY IS THE AGREEMENT TO DO SOMETHING UNLAWFUL; IT DOES NOT MATTER WHETHER THE CRIME AGREED UPON WAS COMMITTED.

FOR A CONSPIRACY TO HAVE EXISTED, IT IS NOT NECESSARY THAT THE CONSPIRATORS MADE A FORMAL AGREEMENT OR THAT THEY AGREED ON EVERY DETAIL OF THE CONSPIRACY. IT IS NOT ENOUGH, HOWEVER, THAT THEY SIMPLY MET, DISCUSSED MATTERS OF COMMON INTEREST, ACTED IN SIMILAR WAYS, OR PERHAPS HELPED ONE ANOTHER. YOU MUST FIND THAT THERE WAS A PLAN TO DISTRIBUTE COCAINE AS ALLEGED IN THE INDICTMENT AS AN OBJECT OF THE CONSPIRACY.

Ninth Circuit Model Criminal Jury Instructions §8.16 (2003 Ed.)

Jury Instructions, U.S. v. Wedding                                    Page 23

ONE BECOMES A MEMBER OF A CONSPIRACY BY WILLFULLY PARTICIPATING IN THE UNLAWFUL PLAN WITH THE INTENT TO ADVANCE OR FURTHER SOME OBJECT OR PURPOSE OF THE CONSPIRACY, EVEN THOUGH THE PERSON DOES NOT HAVE FULL KNOWLEDGE OF ALL THE DETAILS OF THE CONSPIRACY.  FURTHERMORE, ONE WHO WILLFULLY JOINS AN EXISTING CONSPIRACY IS AS RESPONSIBLE FOR IT AS THE ORIGINATORS. ON THE OTHER HAND, ONE WHO HAD NO KNOWLEDGE OF A CONSPIRACY, BUT HAPPENS TO ACT IN A WAY WHICH FURTHERS SOME OBJECT OR PURPOSE OF THE CONSPIRACY, DOES NOT THEREBY BECOME A CONSPIRATOR.  SIMILARLY, A PERSON DOES NOT BECOME A CONSPIRATOR MERELY BUY ASSOCIATION WITH ONE OR MORE PERSONS WHO ARE CONSPIRATORS, NOR MERELY BY KNOWING THAT A CONSPIRACY EXISTS.

IF YOU FIND THE DEFENDANT GUILTY OF CONSPIRACY TO DISTRIBUTE COCAINE, THEN YOU MUST ALSO DECIDE WHETHER THE GOVERNMENT HAS PROVEN BY EVIDENCE BEYOND A REASONABLE

Ninth Circuit Model Criminal Jury Instructions §8.16 (2003 Ed.)

DOUBT THAT THE AMOUNT OF COCAINE WHICH WAS THE SUBJECT OF ANY SUCH CONSPIRACY WAS 5 KILOGRAMS AND MORE. YOUR FINDING ON THAT QUESTION MUST BE UNANIMOUS.

Ninth Circuit Model Criminal Jury Instructions §8.16 (2003 Ed.)

Jury Instructions, U.S. v. Wedding

Page 25

# JURY INSTRUCTION NO. 17

# CONSPIRACY–KNOWING OF AND ASSOCIATION WITH OTHER CONSPIRATORS

A CONSPIRACY MAY CONTINUE FOR A LONG PERIOD OF TIME AND MAY INCLUDE THE PERFORMANCE OF MANY TRANSACTIONS. IT IS NOT NECESSARY THAT ALL MEMBERS OF THE CONSPIRACY JOIN IT AT THE SAME TIME, AND ONE MAY BECOME A MEMBER OF A CONSPIRACY WITHOUT FULL KNOWLEDGE OF ALL THE DETAILS OF THE UNLAWFUL SCHEME OR THE NAMES, IDENTITIES, OR LOCATIONS OF ALL OF THE OTHER MEMBERS.

EVEN THOUGH A DEFENDANT DID NOT DIRECTLY CONSPIRE WITH OTHER CONSPIRATORS IN THE OVERALL SCHEME, THE DEFENDANT HAS, IN EFFECT, AGREED TO PARTICIPATE IN THE CONSPIRACY IF IT IS PROVED BEYOND A REASONABLE DOUBT THAT:

(1)    THE DEFENDANT DIRECTLY CONSPIRED WITH ONE OR MORE

Ninth Circuit Model Criminal Jury Instructions §8.18 (2003 Ed.)

CONSPIRATORS TO CARRY OUT AT LEAST ONE OF THE OBJECTS OF THE

CONSPIRACY,

(2)    THE DEFENDANT KNEW OR HAD REASON TO KNOW THAT

OTHER CONSPIRATORS WERE INVOLVED WITH THOSE WITH WHOM THE

DEFENDANT DIRECTLY CONSPIRED, AND

(3)    THE DEFENDANT HAD REASON TO BELIEVE THAT WHATEVER

BENEFITS THE DEFENDANT MIGHT GET FROM THE CONSPIRACY WERE

PROBABLY DEPENDENT UPON THE SUCCESS OF THE ENTIRE VENTURE.


IT IS NO DEFENSE THAT A PERSON'S PARTICIPATION IN A

CONSPIRACY WAS MINOR OR FOR A SHORT PERIOD OF TIME.

Ninth Circuit Model Criminal Jury Instructions §8.18 (2003 Ed.)

Jury Instructions, U.S. v. Wedding                                              Page 27

# JURY INSTRUCTION NO. 18

# CONTROLLED SUBSTANCE–DISTRIBUTION

THE DEFENDANT IS CHARGED IN THE INDICTMENT WITH CONSPIRACY TO DISTRIBUTE COCAINE IN VIOLATION OF SECTIONS 841(A)(1) AND 846 OF TITLE 21 OF THE UNITED STATES CODE. IN ORDER FOR THE DEFENDANT TO BE FOUND GUILTY OF THAT CHARGE, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT DEFENDANT KNOWINGLY AND INTENTIONALLY ENTERED INTO A CONSPIRACY, AS PREVIOUSLY DEFINED, TO DISTRIBUTE COCAINE.

TO " DISTRIBUTE COCAINE" MEANS TO INTENTIONALLY DELIVER OR TRANSFER POSSESSION OF COCAINE TO ANOTHER PERSON, WITH OR WITHOUT ANY FINANCIAL INTEREST IN THE TRANSACTION.

Ninth Circuit Model Criminal Jury Instructions  §9.13 (2003 Ed., modified 1/2007)

Jury Instructions, U.S. v. Wedding

# JURY INSTRUCTION No. 19

# KNOWINGLY–DEFINED

AN ACT IS DONE KNOWINGLY IF A DEFENDANT IS AWARE OF THE ACT AND DOES NOT ACT THROUGH IGNORANCE, MISTAKE OR ACCIDENT. THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE DEFENDANT KNEW THAT HIS ACTS OR OMISSIONS WERE UNLAWFUL. YOU MAY CONSIDER EVIDENCE OF THE DEFENDANT'S ACTS OR OMISSIONS, ALONG WITH ALL THE OTHER EVIDENCE, IN DECIDING WHETHER THE DEFENDANT ACTED KNOWINGLY.

Ninth Circuit Model Criminal Jury Instructions §5.6 (2003 Ed.)

Jury Instructions, U.S. v. Wedding

Page 29

# JURY INSTRUCTION No. 20

# MERE PRESENCE

MERE PRESENCE AT THE SCENE OF A CRIME OR MERE KNOWLEDGE THAT A CRIME IS BEING COMMITTED IS NOT SUFFICIENT TO ESTABLISH THAT THE DEFENDANT CONSPIRED TO DISTRIBUTE COCAINE, UNLESS YOU FIND THAT THE DEFENDANT WAS A PARTICIPANT IN THE CONSPIRACY AND NOT MERELY A KNOWING SPECTATOR.  MERE PROXIMITY TO CONTRABAND AND ASSOCIATION WITH A CONSPIRATOR ARE INSUFFICIENT TO ESTABLISH CONSPIRACY.  THE DEFENDANT'S PRESENCE MAY BE CONSIDERED BY THE JURY ALONG WITH OTHER EVIDENCE IN THE CASE.

Ninth Circuit Model Criminal Jury Instructions §6.9 (2003 Ed.)

Jury Instructions, U.S. v. Wedding

## JURY INSTRUCTION NO. 21

## DUTY TO DELIBERATE

YOU SHALL NOW RETIRE AND ELECT ONE MEMBER OF THE JURY AS YOUR FOREPERSON. THAT PERSON WILL PRESIDE OVER THE DELIBERATIONS AND SPEAK FOR YOU HERE IN COURT.

YOU WILL THEN DISCUSS THE CASE WITH YOUR FELLOW JURORS TO REACH AGREEMENT IF YOU CAN DO SO. YOUR VERDICT, WHETHER GUILTY OR NOT GUILTY, MUST BE UNANIMOUS.

EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT YOU SHOULD DO SO ONLY AFTER YOU HAVE CONSIDERED ALL THE EVIDENCE, DISCUSSED IT FULLY WITH THE OTHER JURORS, AND LISTENED TO THE VIEWS OF YOUR FELLOW JURORS.

Ninth Circuit Model Criminal Jury Instructions §7.1 (2003 Ed.)

Jury Instructions, U.S. v. Wedding

Page 31

DO NOT BE AFRAID TO CHANGE YOUR OPINION IF THE DISCUSSION PERSUADES YOU THAT YOU SHOULD. BUT DO NOT COME TO A DECISION SIMPLY BECAUSE OTHER JURORS THINK IT IS RIGHT.

IT IS IMPORTANT THAT YOU ATTEMPT TO REACH A UNANIMOUS VERDICT BUT, OF COURSE, ONLY IF EACH OF YOU CAN DO SO AFTER HAVING MADE YOUR OWN CONSCIENTIOUS DECISION. DO NOT CHANGE AN HONEST BELIEF ABOUT THE WEIGHT AND EFFECT OF THE EVIDENCE SIMPLY TO REACH A VERDICT.

Ninth Circuit Model Criminal Jury Instructions §7.1 (2003 Ed.)

Jury Instructions, U.S. v. Wedding                                           Page 32

## JURY INSTRUCTION NO. 22

## CONSIDERATION OF EVIDENCE

YOUR VERDICT MUST BE BASED SOLELY ON THE EVIDENCE AND ON THE LAW AS I HAVE GIVEN IT TO YOU IN THESE INSTRUCTIONS. HOWEVER, NOTHING THAT I HAVE SAID OR DONE IS INTENDED TO SUGGEST WHAT YOUR VERDICT SHOULD BE—THAT IS ENTIRELY FOR YOU TO DECIDE.

# JURY INSTRUCTION NO. 23

## USE OF NOTES

SOME OF YOU HAVE TAKEN NOTES DURING THE TRIAL. WHETHER OR NOT YOU TOOK NOTES, YOU SHOULD RELY ON YOUR OWN MEMORY OF WHAT WAS SAID. NOTES ARE ONLY TO ASSIST YOUR MEMORY. YOU SHOULD NOT BE OVERLY INFLUENCED BY THE NOTES.

Ninth Circuit Model Criminal Jury Instructions §7.3 (2003 Ed.)

Jury Instructions, U.S. v. Wedding                                    Page 34

# JURY INSTRUCTION NO. 24

# JURY CONSIDERATION OF PUNISHMENT

THE PUNISHMENT PROVIDED BY LAW FOR THIS CRIME IS FOR THE COURT TO DECIDE. YOU MAY NOT CONSIDER PUNISHMENT IN DECIDING WHETHER THE GOVERNMENT HAS PROVED ITS CASE AGAINST THE DEFENDANT BEYOND A REASONABLE DOUBT.

Ninth Circuit Model Criminal Jury Instructions §7.4 (2003 Ed.)

Jury Instructions, U.S. v. Wedding

Page 35

## JURY INSTRUCTION NO. 25

## COMMUNICATION WITH COURT

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH ME, YOU MAY SEND A NOTE THROUGH THE BAILIFF, SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE MEMBERS OF THE JURY. NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH ME EXCEPT BY A SIGNED WRITING; AND I WILL COMMUNICATE WITH ANY MEMBER OF THE JURY ON ANYTHING CONCERNING THE CASE ONLY IN WRITING, OR ORALLY HERE IN OPEN COURT. IF YOU SEND OUT A QUESTION, I WILL CONSULT WITH THE PARTIES BEFORE ANSWERING IT, WHICH MAY TAKE SOME TIME. YOU MAY CONTINUE YOUR DELIBERATIONS WHILE WAITING FOR THE ANSWER TO ANY QUESTION. REMEMBER THAT YOU ARE NOT TO TELL ANYONE-- INCLUDING ME--HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTION OF THE GUILT OF A DEFENDANT, UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT OR HAVE BEEN DISCHARGED.

Ninth Circuit Model Jury Instructions §7.6 (2003 Ed., modified)

Jury Instructions, U.S. v. Wedding

## JURY INSTRUCTION NO. 26

## RETURN OF VERDICT

AFTER YOU HAVE REACHED UNANIMOUS AGREEMENT ON A VERDICT, YOUR FOREPERSON WILL FILL IN THE FORM THAT HAS BEEN GIVEN TO YOU, SIGN AND DATE IT AND ADVISE THE MARSHAL [OR BAILIFF] OUTSIDE YOUR DOOR THAT YOU ARE READY TO RETURN TO THE COURTROOM.

Ninth Circuit Model Criminal Jury Instructions §7.5 (2003 Ed.)

Jury Instructions, U.S. v. Wedding

Page 37